Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Plaintiff
UNIFIED ACCOUNTING & TAX, LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFIED ACCOUNTING & TAX, LLP,<br><br>Plaintiff,<br><br>v.<br><br>GRETCHEN RIVERA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 4:21-cv-10040<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. This case arises out of Defendant Gretchen Rivera's ("Rivera") misuse of Plaintiff Unified Accounting & Tax, LLP ("Plaintiff" or "UAT") confidential information to steal UAT's client. By this lawsuit, UAT seeks to recover appropriate compensatory and punitive damages for the harm caused to it by Rivera.

**PARTIES**

2. Plaintiff Unified Accounting & Tax, LLP is a limited liability partnership organized under the laws of the State of California with its principal place of business in Fremont, California. UAT's sole member, Harold Kinoshita, is a citizen of California.

3. UAT is informed and believes, and thereon alleges that Defendant Gretchen Rivera is an individual resident at 0229 Sapangbato, Angeles City, Pampanga 2009, Philippines.

4. UAT is ignorant of the true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. UAT will

Complaint – Page 1

amend this Complaint to allege their true names and capacities when ascertained.

5. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the State of California and citizens of a foreign state.

## VENUE

7. Venue is proper in District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS

**A.    UAT**

8. UAT is a professional tax and accounting firm in Fremont, California. It provides accounting and business consultancy solutions across a variety of areas that include taxation, business planning, cash flow management, and budgeting to start-ups, small-to-medium-sized firms, and established companies, helping them accomplish their business goals faster and more efficiently.

**B.    UAT's Consulting Agreement with Rivera**

9. In May 2017, Rivera was hired as an Accounting Consultant by UAT.

10. Section 7 of UAT's Consulting Agreement with Rivera provided:

> <u>Consulting or Other Services for Competitors</u>. Consulting or Other Services for Competitors. Consultant represents and warrants that Consultant will not, during the term of this Agreement, perform any consulting or other services for any company, person or entity whose business or proposed business in any way involves products or services which could reasonably be determined to be competitive with the products or services or proposed products or services of the Company.

11. Section 8 of UAT's Consulting Agreement with Rivera provided in relevant part:

> <u>Confidentiality and Assignment of Inventions</u>.
>
> (a)    Consultant agrees to hold in confidence and not directly or indirectly to use or

disclose, either during or after termination of the consulting relationship with the Company, any Confidential Information that Consultant obtains or creates during the period of the consulting relationship, whether or not during working hours, except to the extent authorized by the Company, until such Confidential Information becomes generally known.

\*\*\*

(d)     As used in this Agreement, the term "Confidential Information" means information pertaining to any aspects of the Company's business which is either information not known by actual or potential competitors of the Company or is proprietary information of the Company or its customers or suppliers, whether of a technical nature or otherwise.

### C.    Rivera's Work for UAT's Client, Shift Technologies, Inc.

12.    During the term of Rivera's consultancy with UAT, Rivera was assigned to work for UAT's client, Shift Technologies, Inc. ("STI").

13.    In November 2019, UAT seconded Rivera to STI to perform the role of an Assistant Controller. STI and UAT agreed that STI would pay Rivera's hourly rate directly to UAT, and also pay an additional fee to UAT in exchange for all available hours of Rivera being allocated to STI.

14.    In the course of performing services for STI, Rivera obtained confidential information relating to UAT's business with STI, including but not limited to: the terms of UAT's contract with STI; the compensation paid to STI to UAT; UAT's invoicing terms for STI; and STI's approval processes for headcount and compensation.

### D.    Farche Solutions

15.    On August 13, 2021, UAT received an anonymous email from warninguat@outlook.com with the subject line "atin lang sariling UAT" which translates to "they have their own UAT". The email contained a link to the website of an accounting firm named Farche Solutions, and stated that Farche Solutions was "headed by Gretchen". The email also stated to "ask kaycee and iris" in reference to Khristina Camille Hipolito-Soriano and Aries Kae Fuentes who are two of the senior accountants who worked with Rivera at STI.

16.    UAT inquired with Khristina Camille Hipolito-Soriano and Aries Kae Fuentes about Farche Solutions, and they informed UAT that Farche Solutions was owned by Rivera's partner, Faris Attieh, who is based in Dubai.

17. On August 16, 2021, UAT inquired with Rivera whether she was in any way connected with Farche Solutions. Rivera admitted that she knew Farche Solutions, and stated that it was one of STI's vendors for services. Rivera denied having any ownership interest in Farche Solutions.

**E.    Rivera's Misuse of UAT's Confidential Information**

18. On August 17, 2021, UAT met with STI to discuss a request by STI to amend its Consulting Contract with UAT. The revised contract terms requested by STI during this meeting were identical to terms that Rivera had previously discussed internally with UAT, and which constituted "Confidential Information" under UAT's Consulting Agreement.

19. UAT declined to agree to the revised contract terms requested by STI.

20. Resultantly, STI stated that it would never hire additional personnel from UAT, and that it had hired four or five staff members from a different vendor. UAT subsequently determined that the other vendor was Farche Solutions.

**FIRST CAUSE OF ACTION**

**Breach of Consulting Agreement**

**(Against Rivera)**

21. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

22. In May 2017, UAT and Rivera entered into a written Consulting Agreement.

23. UAT did all, or substantially all, of the significant things that the Consulting Agreement required it to do, including compensating Rivera for her services under the Consulting Agreement.

24. Rivera breached Sections 7 and 8 of Consulting Agreement by performing services for Farche Solutions during the term of her agreement with UAT, and by disclosing UAT's Confidential Information to Farche Solutions and STI.

25. UAT was harmed, and Rivera's breach of the Consulting Agreement was a substantial factor in causing UAT's harm.

///

//

Complaint – Page 4

## SECOND CAUSE OF ACTION

### Intentional Interference with Contractual Relations

### (Against Rivera and Does 1 through 10)

26. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

27. There was a Consulting Contract between UAT and STI.

28. Rivera knew of the Consulting Contract between UAT and STI.

29. Rivera's conduct prevented performance or the Consulting Contract between UAT and STI or made performance more difficult.

30. Rivera intended to disrupt the performance of the Consulting Contract between UAT and STI, or know that disruption of performance was certain or substantially certain to occur.

31. UAT was harmed, and Rivera's breach of the Consulting Agreement was a substantial factor in causing UAT's harm.

32. Rivera has been guilty of oppression, fraud, or malice, and UAT, in addition to actual damages, is entitled to recover punitive damages for the sake of example and by way of punishing Rivera.

## THIRD CAUSE OF ACTION

### Breach of Confidence

### (Against Rivera)

33. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

34. UAT conveyed confidential information to Rivera relating to UAT's business with STI, including but not limited to: the terms of UAT's contract with STI; the compensation paid to STI to UAT; UAT's invoicing terms for STI; and STI's approval processes for headcount and compensation.

35. Rivera knew that the information was disclosed by UAT in confidence.

36. There was an understanding between UAT and Rivera that the confidence be maintained.

37. Rivera disclosed and used the information in violation of the understanding.

38. Rivera has been guilty of oppression, fraud, or malice, and UAT, in addition to actual damages, is entitled to recover punitive damages for the sake of example and by way of punishing Rivera.

### FOURTH CAUSE OF ACTION

**Unfair Competition – California Business and Professions Code § 17200 *et seq*.**

**(Against Rivera and Does 1 through 10)**

39. Plaintiff repeats, re-alleges and incorporates by this reference each and all of the allegations contained in the foregoing paragraphs of this Complaint.

40. Defendants' acts and practices, described herein, constitute unlawful, unfair, or fraudulent business practices in violation California Business and Professions Code §§ 17200, *et seq.*

41. The above-described unfair, unlawful, and fraudulent business conducted by Defendants present a threat and likelihood of harm and deception to members of the general public in that Defendants have systematically perpetrated and continue to perpetrate the unfair, unlawful, and fraudulent conduct upon members of the public by engaging in the behavior described herein.

42. Pursuant to California Business and Professions Code §§ 17200, 17203, and 17204, Plaintiff seeks an order enjoining Defendants from continuing their unlawful, fraudulent, and deceptive business practices. Plaintiff additionally requests an order awarding her reimbursement of all monies wrongfully acquired by Defendants by means of such unlawful, unfair and fraudulent acts and practices, so as to deter Defendants and to rectify Defendants' unfair, unlawful, and fraudulent practices, and to restore any and all monies to Plaintiff, plus interest, attorneys' fees, and costs, pursuant to California Code of Civil Procedure § 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. For compensatory damages in an amount to be proven at trial, but not less than $100,000;

2. For punitive damages in an amount to be proven at trial;

3. For injunctive relief;

4. For restitution and disgorgement;

5. For prejudgment and postjudgment interest;

6. For attorney's fees as permitted by law or contract;

7. For costs of suit; and

8. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 3-6, Plaintiff Unified Accounting & Tax, LLP demands a trial by jury on all claims so triable.

Dated:  December 29, 2021                         LAW OFFICES OF SETH W. WIENER

By:_____
Seth W. Wiener
Attorney for Plaintiff
UNIFIED ACCOUNTING & TAX, LLP

Complaint – Page 7