UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIFIED ACCOUNTING & TAX, LLP,<br><br>Plaintiff,<br><br>v.<br><br>GRETCHEN RIVERA,<br><br>Defendant. | Case No. 21-cv-10040-AGT<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 34 |

The parties have a discovery dispute concerning the adequacy of Gretchen Rivera's responses to UAT's first set of ROGs and RFPs.[1] The requests at issue seek information and documents relating to Rivera's relationships and communications with two third parties—Shift Technologies (Rivera's current employer and UAT's client) and Farche Solutions (Rivera's boyfriend's company). Rivera objected to several requests on the grounds that they are irrelevant, vague, overbroad, unduly burdensome, invasive of privacy rights, and/or seek confidential information of third parties (i.e., Shift and Farche). UAT claims that it sent Rivera a "12-page meet and confer letter" explaining why it believes her objections are meritless, but Rivera has not provided a substantive response to that letter or otherwise supplemented her discovery responses. Consequently, UAT asks the Court to strike Rivera's objections and order her to "provide full and complete responses and the requested documents forthwith."

Rivera, in turn, asserts that she has "offered to amend some, if not all" of her discovery responses, but only after consulting with counsel for Shift and Farche regarding confidentiality

---

[1] Specifically at issue are Rivera's responses to ROGs 2–4 and RFPs 1–2, 4–6, 8–11, 13–18.

and privacy issues. Rivera reports that her counsel is in the process of conferring with Farche's attorney but has not yet had the opportunity to confer with Shift's counsel due to scheduling conflicts. Rivera thus requests additional time to finish those discussions and to supplement her responses.

In light of these representations, UAT's requested relief is denied without prejudice to renewal via joint statement following receipt of Rivera's supplemental responses, which are due by September 26, 2022. Prior to filing any renewed joint statement, the parties must meet and confer on each discovery request that remains in dispute. To the extent Rivera continues to assert objections based on confidentiality and/or privacy grounds, she must clearly articulate the privacy interests at stake and explain why the confidentiality provisions of the stipulated protective order (*see* Dkt. 27) provide insufficient protection.

**IT IS SO ORDERED.**

Dated: September 16, 2022

ALEX G. TSE
United States Magistrate Judge